**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                          )
STEVE SCHONBERG,          )
                          )
        Plaintiff,        )
                          )
        v.                ) Civil Action No. 10-2040 (JWR-CKK-RWR)
                          )
FEDERAL ELECTION          )
COMMISSION <u>et al.</u>,      )
                          )
        Defendants.       )
_____)


<u>MEMORANDUM ORDER</u>

Pro se plaintiff has filed a motion to disqualify the attorneys representing defendant Federal Election Commission ("FEC"), arguing principally that this suit's purported threat to the existence of the FEC creates a conflict of interest.[1] Plaintiff claims that the FEC attorneys have a proprietary interest in the cause of action because their continued employment depends on the FEC obtaining a favorable judgment.

---

[1] Plaintiff maintains that his motion should be granted as conceded because the defendant filed its opposition three days late. Plaintiff filed his motion on January 3, 2011. Local Civil Rule 7(b) provides that an opposition is due within fourteen days of the date of service of the motion. When the last day falls on a holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or holiday. Fed. R. Civ. P. 6(a)(1)(C). Because January 17, 2011 was a holiday, the period ran until January 18, 2011. Plaintiff served his motion via the Court's CM/ECF system, so the defendant had an additional three days from January 18, 2011 to serve its opposition. Fed. R. Civ. P. 5(b)(3) and 6(d); LCvR 5.4(c)(1). The defendant filed timely its opposition on January 21, 2011.

(Pl.'s Mot. to Disqualify at 3 (citing Model Rules of Prof'l Conduct R. 1.8 (2004).)

A motion to disqualify counsel faces a particularly high burden where there is no "serious question as to counsel's ability to act as a zealous and effective advocate for the client[.]" Koller v. Richardson-Merrell Inc., 737 F.2d 1038, 1056 (D.C. Cir. 1984) vacated on other grounds, 472 U.S. 424 (1985). The rationale behind prohibiting an attorney from acquiring a proprietary interest in a cause of action is to prevent the attorney from placing his interest in his own payment ahead of his efforts to achieve his client's recovery, and from refusing his client's guidance on major decisions in the suit. See Xcentric Ventures, LLC v. Stanley, No. CV-07-954-PHX-NVW, 2007 WL 2177323, at *5 (D. Ariz. July 27, 2007).

Plaintiff's arguments lack merit. The prospect of the plaintiff's suit placing in jeopardy the FEC attorneys' continued employment would align closely the interests of the FEC and its attorneys, as the attorneys' livelihoods would be entirely contingent on their client's success. The FEC attorneys would therefore have a greater, not a lesser, incentive to advocate zealously for their client. No conflict of interest exists. Cf. Springer v. Henry, 435 F.3d 268, 283 n.13 (3d Cir. 2006). Moreover, even if judgment is entered in the plaintiff's favor, his complaint does not challenge the constitutionality of the

Federal Election Campaign Act's disclosure provisions, see, e.g., 2 U.S.C. § 434, the Presidential Election Campaign Fund Act, 26 U.S.C. § 9001 et seq., or the Presidential Primary Matching Payment Account Act, 26 U.S.C. § 9031 et seq. Because the FEC has a role to play in administering these statutes, the plaintiff's suit does not threaten the FEC's existence or its attorneys' continued employment. To the extent plaintiff seeks "appropriate sanctions" for an alleged lack of candor by FEC attorneys (Pl.'s Mot. to Disqualify at 3), he offers no basis for so finding and, in any event, disqualification in these circumstances would not be an appropriate remedy. Cf. Gordon v. Dadante, No. 1:05-CV-2726, 2009 WL 2732827, at *8 (N.D. Ohio Aug. 26, 2009) (noting that "[n]ot every arguable misrepresentation [to the Court] merits the drastic sanction of disqualification"). Accordingly, it is hereby

ORDERED that plaintiff's motion [16] to disqualify be, and hereby is, DENIED.

SIGNED this 1st day of February, 2011.


_____/s/_____
JUDITH W. ROGERS
United States Circuit Judge


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge


_____/s/_____
RICHARD W. ROBERTS
United States District Judge